**DISTRICT COURT OF GUAM**

**TERRITORY OF GUAM**

| | |
|---|---|
| JAMES LYNN O'HINES,<br><br>              Plaintiff,<br>   vs.<br><br>HAWAII FEDERAL BUREAU<br>OF INVESTIGATION, VIOLA<br>YAMAMOTO, FIGI TARRANTINO,<br>MIKE TARRANTINO, LINI BELL,<br>MCS CARNLVAL OPERATORS,<br>RICK TOYUSHEBU, MUISONETTO,<br>ALXXIUS URANYU and STATE OF<br>HAWAII<br><br>              Defendants. | Civil Case No. 07-00019<br><br>**ORDER**<br>Dismissal of Complaint |

Plaintiff James Lynn O'Hines,[1] a prisoner confined in an Arizona prison facility, has filed a *pro se* complaint pursuant to 42 U.S.C. § 1983. The court is unable to decipher much of the content of the complaint as the majority of it is unintelligible.[2] Plaintiff has also made a request to proceed *In Forma Pauperis* (IFP).[3]

---

[1] Plaintiff also has filed cases under the names James L. Hines, Yellow Fox, and Jackson Malloy.

[2] From what the court can read of the complaint, there is no indication that any of the acts complained of occurred on Guam or had any relation to Guam, nor is there any evidence that any of the named defendants reside on Guam

[3] Plaintiff did request to proceed IFP however he did not include information regarding his prison trust account. *See* Docket No. 1 at 2.

> Under 28 U.S.C. § 1915 a prisoner may not bring a civil action in forma pauperis: if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has not alleged any facts to indicate that he is presently in any imminent physical danger.[4] More than three of the prior actions that Plaintiff has filed in federal courts have been dismissed as frivolous, malicious, or as failing to state a claim. *See Hines v. City of SanDiego Police Dep't*, CV 00-00969 (S.D. Cal. Jun. 21, 1999); *Malloy v. Kowolski*, CV 00-01186 (S.D. Cal. Jun. 30, 2000); *Hines v. Hisson*, CV 00-01177 (S.D. Cal Jul. 14, 2000); *Malloy v. Corcoran Prison*, CV 00-05660 (E.D. Cal.Sept. 25, 2000); *Hines v. Jaffe*, CV 00-02078 (S.D. Cal. Nov. 7, 2000); *Malloy v.Galaza*, CV 00-05674 (E.D. Cal. Dec. 13, 2000); *Malloy v. Corcoran Prison*, CV 99-06647 (E.D. Cal. Dec. 15, 2000); *Hines v. Deddah & Associates*, CV 05-03412 (D. Ariz. Jun. 29, 2006); *Hines v. Westside Faith Temple Penticostals*,CV 06-00061 (D. Ariz. Oct. 25, 2006); *O'Hines v. Napalitano*, et. al., CV 07-02267 (C.D. Cal. May 18, 2007). All of the aforementioned dismissals occurred during the course of his incarceration.

Accordingly, this court finds that since plaintiff has accumulated more than "three strikes" during the course of his incarceration, and has not alleged that he is in imminent danger of serious physical injury, he is barred from bringing a civil action IFP pursuant to § 1915(g).

For the forgoing reasons, the court hereby DENIES plaintiff's motion to proceed IFP pursuant to 28 U.S.C. § 1915(g) and DISMISSES the case without prejudice for failure to pay the full $350 filing fee required pursuant to 28 U.S.C. § 1914(a).[5]

SO ORDERED.



**/s/ Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Aug 21, 2007**

---

[4] Since Plaintiff is incarcerated in Arizona, the District Court of Guam is not the appropriate venue for any claims of imminent danger of serious physical injury.

[5] This dismissal will not bar plaintiff from bringing the claims in a paid complaint, because 28 U.S.C. § 1915(g) only prevents "three strikes" litigants from bringing cases *in forma pauperis*.